## T. U. Fox, Appellee, v. Chicago & Alton Railroad Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed December 27, 1913. Rehearing denied April 9, 1914.

### Statement of the Case.

Action by T. U. Fox against Chicago & Alton Railroad Company to recover damages for failure of defendant to furnish cars for the shipment of corn. The facts showed that plaintiff ordered cars with grain doors on Aug. 12, 1910, but received no cars equipped with such doors until Sept. 5, 1910. Plaintiff desired to sell his corn in East St. Louis, and owing to the delay in getting cars claimed a loss of seven cents per bushel on account of the decline of the market price therefor.

The jury returned a verdict for one-half the amount.

To reverse a judgment entered on the verdict, defendant appeals.

Appellant urges that it was the duty of appellee to have lessened the loss by furnishing the grain doors himself, and that though he had no lumber with which to make doors he should have ordered it from a neighboring city in case there was no lumber yard at the point of shipment.

BRACKEN & YOUNG and W. B. LEACH, for appellant; SILAS H. STRAWN, of counsel.

LIVINGSTON & BACH, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

## Abstract of the Decision.

1. CARRIERS, § 16*—*duty to furnish suitable cars.* It is the duty of a carrier to furnish cars suitable for the transportation of the commodity for which they were ordered.

2. CARRIERS, § 16*—*when not duty of shipper to furnish grain doors.* Where cars are ordered of a carrier for the shipment of grain and the cars furnished are without grain doors, it is not the duty of the shipper to furnish the grain doors himself in order to lessen the loss which might result from a delay in furnishing cars equipped with such doors.

3. CARRIERS, § 20*—*when instruction as damages for delay in furnishing cars incorrect.* In an action against a carrier for damages resulting from a delay in furnishing cars, an instruction that the measure of damages is the difference between the market value at the point of shipment at the time the cars should have been furnished and the market price when the cars were actually furnished, *held* incorrect as confining the market price to that prevailing at the point of shipment.

4. APPEAL AND ERROR, § 1241*—*when appellant cannot complain of his adversary's instruction.* Appellant cannot complain of his adversary's instruction as to the measure of damages where his own given instruction announced the same rule.